UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Goodfella's Pizza, Inc.<br>                   Debtor. | Chapter 7<br>Case No. 15-11192-JNF |

**TRUSTEE'S MOTION AUTHORIZING SALE OF PERSONAL PROPERTY
TO NICHOLAS VARVITSIOTIS
(RESTAURANT EQUIPMENT, FURNISHINGS AND SUPPLIES)**

Joseph G. Butler, the duly appointed chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor, Goodfella's Pizza, Inc. (the "Debtor") hereby moves this Court pursuant to 11 U.S.C. § 363 to enter an order, authorizing the Trustee to sell, free and clear of all liens, claims, encumbrances and interests of any kind or nature, the Debtor's and the estate's right, title and interest in and to certain personal property of the estate (the "Sale") consisting of restaurant equipment, furnishings and supplies (the "Assets") to Nicholas Varvitsiotis (the "Proposed Buyer"), under the terms set forth herein.

As grounds for his motion, the Trustee states as follows:

1. On March 31, 2015, (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under chapter 7 of the United States Bankruptcy Code (11 U.S.C. §§1101, *et. seq.*) (the "Bankruptcy Code").

2. On April 1, 2015, Joseph G. Butler was appointed the Chapter 7 Trustee.

3. The Debtor formerly operated a pizza parlor located at 750 Cente Street Brockton, Massachusetts.

4. Schedule B filed by the Debtor on April 15, 2015, states that the Debtor's assets included "Restaurant equipment and Supplies and furnishings" with an estimated value of $2,000.

5.      The Debtor's schedule D, filed on April 15 2015, lists no creditors holding secured claims.

6.      The online records of the Massachusetts Secretary of State's Office indicate that there are the following UCC financing statements filed at the Massachusetts Secretary of State's Office:

   a. A UCC financing statement recorded on July 1 2013 and listing Birdsong Services as the secured party and stating that Birdsong Services had been granted a security interest in "All personal property of the Debtor, including without limitation… equipment… inventory… wherever located now or hereafter owned or acquired.."
   b. A UCC financing statement recorded on July 5, 2013 and listing RSP Capital Partners, LLC as the secured creditor and stating that RSP Capital Partners had been granted a security interest in "All assets now owned or hereafter acquired and wherever located including but not limited to… equipment..inventory…"
   c. A UCC financing statement recorded May 1, 2014 and lists "Corporation Service Company, as Representative" as the secured party and stating that the secured party had been granted a security interest in "All of the Debtor's operating accounts, accounts receivable, credit card and charge card receivables, cash on hand an on deposit in banks, cash equivalents, contracts, real property leases, notes, bills, acceptances, chooses in action, chattel paper, instruments, documents and other forms of obligation at any time owing to the Grantor… ."
   d. A UCC financing statement recorded May 22, 2014 and also lists "Corporation Service Company, as Representative" as the secured party and stating that the secured party had been granted a security interest in "All assets now owned or hereafter acquired and wherever located, including but not limited to… inventory… equipment…"

7.      Birdsong Services and RSP Capital Partners were not listed by the Debtor as creditors.

8.      RSP Capital Partners, LLC is a party to three Agreements, each captioned as a "Future Receivables Purchase Agreement" and dated August 29, 2013, November 26, 2014 and February 12, 2014, respectively (the "Agreements"). Each of the Agreements is with the Debtor and each purports to have the signature of Georgia Varvitsiotis as either the President of the Debtor or the "owner" of the Debtor or both. Georgia Varvitsiotis denies that she signed the Agreements.

9. RSP Capital Partners LLC alleges that it is owed approximately $59,000 pursuant to the Agreements and that it has liens on the assets of the Debtor to secure repayment in that amount, pursuant to the UCC Financing Statements filed on July 5, 2013, May 1, 2014 and May 22, 2014.

10. HR Capital Partners is an affiliate of RSP Capital Partners, LLC. The Debtor listed, in schedule F, HR Capital Partners as the holder of an unsecured claim in the amount of $52,000 and did not indicate that the claim was contingent, disputed or unliquidated.

11. The Trustee has, subject to the approval of the Court, accepted an offer from the Proposed Buyer to buy the for a total purchase price of $42,000.00 (the "Purchase Price") See Asset Purchase Agreement annexed hereto as Exhibit A.

12. The Trustee proposes to sell the Debtor's and the Chapter 7 Estate's right, title and interest in and to the Assets to the Proposed Buyer, free and clear of all liens, claims, encumbrances and interests of any kind or nature, with all liens, claims, encumbrances and interests, to the extent that they are valid, attaching to the net proceeds of the sale to the same extent and the same order of priority as such liens, claims, encumbrances and interests attached to the License. The sale is to be AS IS and WHERE IS and WITHOUT ANY WARRANTY by the Trustee. The Purchase Price is to be paid to the Trustee in the form of immediately available funds within five business days following the entry of an order authorizing the Sale. The Trustee reserves the right, in the event of a default by the highest bidder, to offer the Assets to the next highest bidder and in turn, if the next highest bidder declines to proceed at the amount of his/her/its bid, to the next highest bidder.

13. The Proposed Buyer, Nicholas Varvitsiotis, is the son of Georgia Varvitsiotis. Georgia Varvitsiotis is, upon information and belief, the sole officer, director and shareholder of the Debtor. Georgia Varvitsiotis signed the petition, schedules and other documents filed by the

Debtor. Nicholas Varvitsiotis was, upon information and belief, for many years, until November 2014, an employee and the manager of the Debtor. In November 2014, Georgia Varvitsiotis commenced litigation in the Superior Court to have Nicholas Varvitsiotis removed from the operations of the Debtor and obtained a preliminary injunction which prevented him from entering the premises at the Debtor's former place of business.

14. The Trustee believes that accepting the offer from the Proposed Buyer is in the best interest of the Estate and its creditors. The Debtor listed the value of the assets which are being sold as $2,000. The Trustee has had discussions with another potential bidder and received an offer from that potential bidder which was less than the offer received from the Proposed Buyer.

15. The Trustee intends to solicit higher offers by sending notice of the sale to all known creditors, all parties who have filed requests for notice in the bankruptcy case and by sending notice to all persons who have expressed an interest in acquiring the Assets.

16. The Trustee has negotiated with RSP Capital Partners LLC and HR Capital Partners, LLC and, subject to the approval of the Court, agreed that if the sale to the Proposed Buyer is approved and consummated the Estate will pay the sum of $22,000 to RSP Capital Partners, LLC in full satisfaction of any and all claims that it or HR Capital Partners has against the Estate and that, if the sale approval process produces an amount in excess of $42,000 and up to $116,000, the Estate and RSP Capital Partners will divide the proceeds evenly so that each will receive 50% of the amount over $42,000, with RSP Capital Partners receiving up to $37,000 (in addition to the $22,000 to be paid from the first $42,000 of sales proceeds).

17. The Trustee therefore requests that the Court enter an order authorizing him to transfer and sell the Assets to the Proposed Buyer for the sum of $42,000.00, or to such other buyer and at a price approved by the Court after a hearing and in accordance with the proposed

notice filed herewith, with said sale to be free and clear of all liens, claims, encumbrances and interests of any kind or nature, and under the terms and conditions set forth above.

18.    The Trustee further requests that the Court authorize him to pay to RSP Capital Partners, LLC, from the proceeds of the sale, the sum of $22,000, plus 50% of any sales proceeds received by the estate in excess of $42,000, up to a total of $59,000 to be paid to RSP Capital Partners, LLC as payment in full of any claims that it, or its affiliate, HR Partners Capital, LLC, may have against the Debtor.

19.    Where the estate is accruing as an administrative expense claim, claims by the Debtor's landlord for use and occupation of its premises, the Trustee requests that any order entered by the Court authorizing a sale be effective immediately upon its entry upon the docket, notwithstanding the stay provided for in Rule 6004(h).

WHEREFORE, the Trustee respectfully requests that this Court:

(i)    approve the form and manner of notice to be given as adequate notice of the Sale in the particular circumstances;
(ii)   enter an order allowing the Sale; and
(iii)  grant such other and further relief as may be just.

Dated: June 18, 2015         Joseph G. Butler, Chapter 7 Trustee
                             of the Estate of Goodfella's Pizza, Inc.

                             /s/Joseph G. Butler
                             Joseph G. Butler  BBO # 544284
                             Law Office of Joseph G. Butler
                             355 Providence Highway
                             Westwood, MA 02090
                             (781) 636-3638
                             JGB@JGButlerlaw.com